IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 25, 2016

**STATE OF TENNESSEE v. ANTONIO J. BEASLEY, SR.**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 221828-830, 222998, 224136, 224140-41    Tom Greenholtz, Judge**

**No. E2016-00852-CCA-R3-CD – Filed November 14, 2016**

The defendant, Antonio J. Beasley, Sr., appeals the summary denial of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36, to correct perceived clerical errors in the challenged judgments. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Antonio J. Beasley, Sr., Atlanta, Georgia, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Robert W. Wilson, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 15, 1999, the defendant pleaded guilty in case number 221828 to one count of fourth offense driving under the influence, in case number 221829 to one count of driving after having been declared a motor vehicle habitual offender ("MVHO"), in case number 221830 to one count of driving after having been declared an MVHO, in case number 222998 to one count of criminal conspiracy, in case number 224136 to one count of theft of property valued at $500 or more, in case number 224140 to one count of aggravated robbery, and in case number 224141 to one count of theft of property valued at less than $500. Pursuant to a plea agreement with the State, the defendant received a sentence of 11 months and 29 days in case number 221828, a sentence of two years in case number 221829, a sentence of two years in case number 221830, a sentence of four years in case number 222998, a sentence of two years in case number 224136, a sentence of 7.2 years in case number 224140, and a sentence of 11 months and 29 days in case number 224141. In keeping with the terms of the plea

agreement, the trial court ordered all of the fully-incarcerative sentences to be served concurrently, for a total effective sentence of 7.2 years' incarceration.

On March 9, 2016, the defendant moved the trial court pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure to correct clerical errors in the judgments filed on September 15, 1999. Specifically, he asserted that because the plea agreement called for all the sentences to be served concurrently, the trial court should have entered only a single judgment of conviction reflecting the total effective sentence of 7.2 years rather than entering separate judgments of conviction for each offense. He also asked the court to correct "the record . . . to reflect that [the defendant pled] guilty to no more than Robbery, and not Agg. Robbery." Finally, the defendant observed that the "Rule Docket Sheet" reflected a case number of 222918 where it should reflect a case number of 222998 and that the conviction offense for that case number was criminal conspiracy instead of criminal conspiracy to commit aggravated robbery.

The trial court summarily denied the defendant's motion, noting that the judgments of conviction accurately reflected the terms of the plea agreement. The court explained that concurrent sentence alignment does not require the entry of a single judgment of conviction.

In this timely appeal, the defendant alleges that the trial court erred by denying his motion. The State contends that the defendant has waived plenary review of his claims by failing to exhibit his plea agreement documents to his motion as a means of placing them in the record. In the alternative, the State contends that summary denial was appropriate because there are no clerical errors in the judgments.

Tennessee Rule of Criminal Procedure 36 provides, "After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. Here, the defendant contends that a key element of his plea agreement was concurrent alignment of his sentences, an element he believes should have been effectuated by the entry of a single judgment of conviction for all the conviction offenses. He is, quite simply, incorrect.

Tennessee Code Annotated section 40-35-209 provides that, for each conviction, the "district attorney general shall complete and file within thirty (30) days the uniform judgment document for the conviction that is signed by all parties; but if not signed by the parties, the clerk shall make a copy of the document available to the parties before entry by the court." T.C.A. § 40-35-209(e)(1). Code section 40-35-209 also specifies the information that must be contained in the uniform judgment document, *see id.*, and our supreme court has promulgated a form document to satisfy these

requirements, *see* Tenn. Sup. Ct. R. 17. Supreme court rule 17 provides that "[t]he judgment should be prepared *for each conviction*; if there are multiple convictions in the same indictment, *separate judgments should be filled out with appropriate notations stating whether the sentences will run consecutively or concurrently*." *Id.* (emphasis added). In this case, the judgments of conviction entered via uniform judgment documents comply with the requirements of Code section 40-35-209(e)(1) and Rule 17, and they accurately reflect the concurrent sentence alignment. Nothing more is required.

As to the defendant's claim regarding the alleged error in the "Rule Docket Sheet," we observe that the indictments and judgments govern each of the convictions and that the "Rule Docket Sheet" has no impact upon the validity of the convictions.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-